GENERAL MUNICIPAL LAW, Article 18
A prohibited conflict of interest arises when either a town supervisor or a town councilman performs services or sells supplies to the town through their own private businesses.
Hon. Morrison J. Hosley, Jr. Long Lake, New York
This is in response to your letter requesting an opinion of the Attorney General as to whether the Supervisor or a Town Councilman of the Town of Long Lake can through their private businesses sell services or materials to the Town of Long Lake. Your letter of May 17, 1979 states that any supplies sold to the Town by the Supervisor, through his business, are only sold under the following conditions:
 "1. There is an immediate need for job accomplishment.
2. Product is not available elsewhere in community.
 3. It is after store hours, on a weekend or a holiday."
Your communication further states that any services or materials sold to the Town by the Town Councilman through his business, are only sold under the following conditions:
"1. There is an immediate need.
 2. Any job started on a weekend is finished during week at same garage.
 3. Service he performs is not available at the other three garages in town.
 4. The work or product he provides is not available elsewhere in the community.
 5. Work or service is performed after normal business hours, on weekends or holidays."
In addition you had enclosed in your communication numerous copies of billings, most of them under one hundred dollars and some in excess of one hundred dollars.
General Municipal Law, Article 18, entitled "Conflicts of Interest of Municipal Officers and Employees" covers the subject. Article 18, Section 801, provides in pertinent part:
 "801. Conflicts of interest prohibited. Except as provided in section eight hundred two of this chapter, (1) no municipal officer or employee shall have an interest in any contract with the municipality of which he is an officer or employee, when such officer or employee, individually or as a member of a board, has the power or duty to (a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder, (b) audit bills or claims under the contract, or (c) appoint an officer or employee who has any of the powers or duties set forth above."
"Contract" is defined (in part) by section 800 (2) as "any claim, account or demand against or agreement with a municipality, express or implied." "Interest" is defined by section 800 (3) as:
 "a direct or indirect pecuniary or material benefit accruing to a municipal officer or employee as the result of a contract with the municipality which such officer or employee serve."
Since under section 800 (4) a town qualifies as a "municipality," and since the supervisor and councilman are both town officers under Town Law, §§ 20 and 29, the supervisor and councilman are with respect to the towns "municipal officers or employees," as defined in section 800 (5).
The bills submitted do not fall within the exceptions created by section 800.2 of the General Municipal Law, particularly, subparagraph (f) of section 802 which provides as follows:
 "f. A contract in which a municipal officer or employee has an interest if the total consideration payable thereunder, when added to the aggregate amount of all consideration payable under contracts in which such person had an interest during the fiscal year, does not exceed the sum of one hundred dollars."
An informal opinion of the Attorney General dated July 7, 1971, rendered to the Town of Delaware concluded that a prohibited conflict of interest arises where a town supervisor, operator of a mechanical repair shop, performs work on machinery owned by the town or county. As concluded then, it must be confirmed now, that in our opinion neither the supervisor nor a town councilman can sell to the town, even under the exacting condition set forth in your communication. It appears that there is now established a sufficient frequency of need for the supplies and services concerned that bids should be prepared and all other available businesses should be invited to bid.